UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOWARD E. HARMON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01105-SEP |
| ALEXANDER L. DOWNING, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

    This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that Defendant Kenneth Boyer has not been served with process.[1]

    Plaintiff filed this action on September 1, 2023, naming Boyer among the Defendants. On September 13, 2024, the Court directed the Clerk to serve process on Defendant Boyer pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office. The Missouri Attorney General's Office declined to waive service as to Boyer, because he was no longer employed by the Missouri Department of Corrections. Counsel subsequently provided the Court with Boyer's last known address, which was a post office box, and the Court directed the Clerk to effectuate service of process there. On December 31, 2024, service was returned unexecuted for Boyer. The return of service indicated that Boyer was not a current employee at the Potosi Correctional Center and service could not be made at the post office box.

    After attempting service twice without success, on April 8, 2025, the Court issued an order informing Plaintiff that more than 90 days had elapsed since he had filed his Complaint and Boyer had not been served. The Court directed Plaintiff to provide any additional information that might allow Boyer to be served or advise the Court of good cause for his inability to do so. *See* Doc. [28]; Fed. R. Civ. P. 4(m). The Court stated that Plaintiff's failure to

---

[1] In his Complaint, Plaintiff named "Unknown Boyer" as a Defendant. In a letter to the Court dated September 23, 2024, counsel for MDOC identified Defendant as Kenneth Boyer. *See* Doc. [10] The Court will order the Clerk to update Defendant Boyer's name on the docket sheet.

timely respond to the Order would result in the dismissal of Boyer without prejudice. Plaintiff has not responded to the Order, and the time to do so has passed.

This action will be dismissed without prejudice as to Defendant Boyer, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A plaintiff bears the burden of providing proper service information. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). The information provided to the Court shows that the United States Marshals Service twice made reasonable efforts to serve Boyer. Rule 4(m) requires the Court to dismiss an action without prejudice if the Complaint is not served within 90 days of its filing. Fed. R. Civ. P. 4(m). More than 90 days have passed since Plaintiff filed the Complaint and, notwithstanding reasonable efforts to locate Boyer, he cannot be found, and summonses have been returned unexecuted. Based on the circumstances of this case, further extension would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed, without prejudice, as to Defendant Kenneth Boyer.

**IT IS FURTHER ORDERED** that the Clerk shall update the docket sheet to include Defendant Kenneth Boyer's first name.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE