**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:23-cv-01105-SEP |
| | ) | |
| ALEXANDER DOWNING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Alexander Downing, Dakota Lett, and Peyton Keener-Harris's Motion to Compel Discovery, Doc. [50], and their Motion for Order to Show Cause, Doc. [52]. Also before the Court is pro se Plaintiff Howard Harmon's Motion for Extension of Time, Doc. [54]. For the reasons set forth below, all three motions are granted.

**FACTS AND BACKGROUND**

On September 1, 2023, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against several prison employees and government officials. *See* Docs. [1], [7]. He alleges that Defendants deprived him of meals and used excessive force during an unnecessary cell extraction in retaliation for Plaintiff filing a report regarding an alleged Prison Rape Elimination Act incident. *See* Doc. [1] at 12-15.

On September 13, 2024, the Court reviewed Harmon's Complaint as required by 28 U.S.C. § 1915 and dismissed all claims except his individual capacity claims against Defendants Downing, Lett, and Keener-Harris. *See* Docs. [7], [8].

On May 5, 2026, Defendants sent Plaintiff interrogatories and requests for production of documents. Doc. [48] at 2. Plaintiff failed to respond within the 30-day window provided pursuant to the Federal Rules of Civil Procedure. *Id.* Defendants followed up on their discovery requests by sending Plaintiff a Golden Rule Letter on June 8, 2026, requesting that he respond by June 15, 2026. *Id.* On June 22, 2026, counsel for Defendants met with Plaintiff and took his deposition at the Potosi Correctional Center. *See* Doc. [51] at 2. At the deposition, defense counsel inquired about the overdue discovery, and Plaintiff showed counsel his partially completed responses to the interrogatories. *Id.* As of July 2, 2026, Plaintiff still had not provided any responses, and Defendants filed the instant motion to compel discovery. Doc. [51].

In their motion, Defendants state that they understand litigating from prison presents numerous challenges, but they have now been waiting for months for a response and are unable to prepare dispositive motion briefing without the requested information. *Id*. at 3. Defendants argue that despite having conferred with Plaintiff in good faith, sent a Golden Rule letter, and met with Plaintiff in person, they have received nothing. *Id*. They assert that they have a pressing need for the requested information and ask the Court to compel Plaintiff to comply. *Id*. Plaintiff has not filed a response to the motion to compel, and the time to do so has passed.

In Defendants' motion for a show cause order, filed on July 22, 2026, Defendants ask the Court to order Plaintiff to show cause why he has failed to respond to the motion to compel or to Defendants' discovery requests. *See* Doc. [52] at 1. Additionally, under the operative Case Management Order, Doc. [45], motions for summary judgment were due on July 27, 2026, so Defendants ask the Court to extend the dispositive motion briefing deadlines to accommodate delays in the discovery process. *Id*.

Lastly, on July 30, 2026, Plaintiff filed a motion in which he too asks the Court to extend the deadlines for dispositive motion briefing, stating that he has experienced difficulty getting an affidavit from his former cellmate and asserting that he needs the affidavit to prepare his summary judgment briefing. *See* Doc. [54].

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2)(C). Rule 26 "vests the district court with broad discretion in regulating discovery." *United States v. James B. Nutter & Co.*, 2021 WL 4227058, at *1 (W.D. Mo. Sept. 16, 2021) (citing Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party does not adequately answer interrogatories or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B).

## DISCUSSION

The Court agrees with Defendants that the information sought in their interrogatories and requests for production, Doc. [51-1], appears relevant and necessary for Defendants to adequately prepare for summary judgment briefing. For good cause shown, the Court grants Defendants' motion to compel. Plaintiff must provide the discovery sought by no later than September 4, 2026, or show cause to the Court by that same date why he is unable to provide responses to Defendants.

Although the Court acknowledges the difficulties associated with litigating from prison, Plaintiff's incarceration and pro se status do not excuse him from his duty to respond to interrogatories served upon him and to produce all responsive records or information in his possession or, if applicable, to advise Defendants that responsive documents do not exist or that he is otherwise unable to produce them. *See Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir.2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). If Defendant fails to comply with this Order, he may be subject to the imposition of sanctions, including dismissal of his action. Additionally, as the current deadline for dispositive briefing has passed and all parties agree that the deadline should be extended, the Court extends the briefing deadline. Any motion for summary judgment must be filed by no later than September 25, 2026.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Discovery, Doc. [50], and Motion for Order to Show Cause, Doc. [52], are **GRANTED**. Plaintiff must provide to Defendants the discovery sought by no later than **September 4, 2026**, or show cause to the Court by that same date why he is unable to provide responses to Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [54], is **GRANTED**. Any motion for summary judgment must be filed by no later than **September 25, 2026**, opposition briefs must be filed by no later than **October 23, 2026**, and any reply brief may be filed by no later than **November 6, 2026**.

Dated this 18th day of August, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE